1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  THOMAS ISACC SIMENTAL,

11          Petitioner,                    No. CIV S-05-1407 MCE DAD P

12      vs.

13  D.L. RUNNELS,                          <u>ORDER AND</u>

14          Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

15  _____/

16          Petitioner is a state prisoner proceeding pro se with an amended petition for a writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.[1]   Petitioner has also filed an application to

18  proceed in forma pauperis.

19          In his amended petition, petitioner challenges the May 6, 2004, decision by the

20  California Court of Appeal for the Third Appellate District.  Therein the state appellate court

21  reversed the state trial court's order striking one of petitioner's prior serious felony convictions

22  and remanded the case with direction to allow petitioner to withdraw his plea and admissions or

23  /////

24  _____

25      [1]  On July 13, 2005, petitioner filed his original habeas petition.  On January 26, 2006,
    petitioner filed another petition for a writ of habeas corpus which did not reflect a case number
26  but challenges the same state appellate court decision.  Accordingly, the latter petition has been
    construed by the court as petitioner's amended petition.

to resentence him.[2]  In this regard, The California Court of Appeal concluded that under state law the trial court had abused its discretion in striking petitioner's 1995 prior felony conviction. (Am. Petition, Ex. A (Opinion of the California Court of Appeal for the Third Appellate District filed May 6, 2004) at 12.)  Petitioner's petition for review to the California Supreme Court was denied.  (Id., Ex. B.)  Subsequently, petitioner withdrew his plea and at the time the amended petition was filed in this court, petitioner's was pending trial in state court.  (Am. Petition at 3.) In his amended petition, petitioner argues that the trial court did not abuse its discretion in striking one of the prior convictions.  (Id. at 3 & 10.)  Petitioner seeks an order from this court requiring that the state trial court's initial sentence of eleven years and four months be reinstated.

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

The court concludes that this action should be summarily dismissed.  Petitioner is challenging a state court decision that was based on an interpretation and application of state sentencing law.  The California Court of Appeal held that under California Penal Code § 1385, a judge in furtherance of justice may order an action dismissed; however, the appellate court

---

[2]  Petitioner was charged with possession of a sharp instrument while incarcerated at Folsom State Prison, and resisting a correctional officer in the performance of his duties, by use of force and violence.  (Am. Petition, Ex. A, at 1.)  Petitioner "pleaded guilty to both counts and admitted the priors in exchange for the trial court's promise to dismiss one strike and sentence him to a maximum of 11 years four months in prison.  The prosecution objected to the terms of the plea and urged the court to sentence defendant to 25 years to life."  (Id. at 1-2.)  At sentencing the trial court struck on of the prior serious felony convictions and sentenced petitioner in keeping with the judicially indicated sentence over the prosecution's objection.  (Id. at 4.)  The People appealed.

1  determined that the trial court abused its discretion in its assessment of petitioner's criminal

2  history, the nature of petitioner's present and prior felonies, the escalation as to the seriousness of

3  petitioner's criminal conduct, and the danger to public safety.  (Am. Petition, Ex. A at 8-11.)

4  Petitioner's argues that, contrary to the conclusion reached by the state appellate court, under

5  California law the trial court did not abuse its discretion in striking one of his prior convictions at

6  the time of sentencing.  (Am. Petition at 6-9.)  Accordingly, petitioner requests that the Court of

7  Appeal's decision be reversed.  (Id. at 10.)  Petitioner supports his argument only by referring to

8  state court decisions construing California sentencing law and specifically concerning the abuse

9  of discretion standard with respect to striking a prior conviction.  (Am. Petition at 6-9.)

10  Petitioner's arguments lack merit in this federal habeas action.

11         Alleged errors in the interpretation and application of state law do not provide a

12  basis for federal habeas corpus relief.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("[I]t is

13  not the province of a federal habeas court to reexamine state-court determinations on state-law

14  questions.  In conducting habeas review, a federal court is limited to deciding whether a

15  conviction violated the Constitution, laws, or treaties of the United States."); Pulley v. Harris,

16  465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of

17  a perceived error of state law.").  Thus, absent a showing of fundamental unfairness, a state

18  court's misapplication of its own sentencing laws does not justify federal habeas relief. Christian

19  v. Rhode, 41 F.3d 461, 469 (9th Cir.1994); Johnson v. Arizona, 462 F.2d 1352, 1353 (9th

20  Cir.1972) (rules of sentencing adopted by state courts do not raise constitutional issues which

21  may be reached by habeas proceedings).

22         In light of the recommendation of summary dismissal, the court will not grant

23  petitioner's application to proceed with the action in forma pauperis.

24         Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed

25  in forma pauperis is denied.

26  /////

1         Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed

2    because it plainly appears from the face of the amended petition that petitioner is not entitled to

3    relief pursuant to 28 U.S.C. § 2254.

4         These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6    days after being served with these findings and recommendations, petitioner may file written

7    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations."  Petitioner is advised that failure to file objections within the

9    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

10   F.2d 1153 (9th Cir. 1991).

11   DATED: May 22, 2006.

12

13                                  _Dale A. Drozd_

14                       DALE A. DROZD
                        UNITED STATES MAGISTRATE JUDGE

15   DAD:4
     sime1407.156

16

17

18

19

20

21

22

23

24

25

26

                        4